IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DINA BAKER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 11 C 6768 |
| ) | |
| **HOME DEPOT USA, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Home Depot U.S.A., Inc.'s (Home Depot) motion to dismiss, motion to strike class allegations, and motion for sanctions. For the reasons stated below, the motion to dismiss is granted in part and denied in part, the motion to strike class allegations is granted, and the motion for sanctions is denied.

## BACKGROUND

Plaintiffs allege in their second amended complaint that Home Depot promoted the manufacture of, purchased, and sold wood that was treated with Chromium Copper Arsenate (CCA Treated Wood) for residential use. CCA Treated Wood allegedly contains arsenic and hexavalent chromium, which are known carcinogens. Home Depot allegedly marketed CCA Treated Wood to the public as

1

safe for residential use, long-lasting, and low maintenance even though it knew or should have known of the health risks associated with CCA Treated Wood, including that CCA Treated Wood leaches arsenic, copper and hexavalent chromium into any surfaces with which it comes into contact.

Beginning in 2002, CCA Treated Wood was allegedly no longer marketed or sold in the United States for residential use due to its alleged inherent dangers. Home Depot allegedly issued a press release in February 2002 advising the public of this fact, but continued to represent to the public that CCA Treated Wood was safe for residential use. In addition, Home Depot allegedly continued to sell CCA Treated Wood for residential use until December of 2003. Plaintiffs allege that Home Depot was the largest single retailer of CCA Treated Wood for residential use.

In 2011, the Environmental Protection Agency, with other groups, allegedly published a guide relating to CCA Treated Wood, which explains the health risks associated with CCA Treated Wood and advises the public regarding the proper use, handling, cleaning, and maintenance of CCA Treated Wood to minimize health risks. According to Plaintiffs, although Home Depot knew of the dangers associated with CCA Treated Wood for decades, Home Depot did not communicate such information to the public when it sold CCA Treated Wood for residential use. Instead, Home Depot allegedly made representations to the public indicating that CCA Treated Wood was safe, including through posted signs and in-store representations made by trained sales associates.

Plaintiffs each allegedly own property on which a deck was built with CCA

Treated Wood that was allegedly purchased from Home Depot. Plaintiffs' second amended complaint includes allegations made "on behalf of a multistate (but not nationwide) class" of persons owning real estate that includes a structure exposed to the weather that is made of CCA Treated Wood bought from Home Depot between January 1, 1991 and December 31, 2003, who have not suffered personal injury relating to CCA Treated Wood, but have allegedly suffered property damage. Plaintiffs include in their second amended complaint a strict liability-design defect claim (Count I), a strict liability-failure to warn claim (Count II), a negligence-defective product claim (Count III), a negligence-failure to warn claim (Count IV), and a claim alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 505/1 *et seq.* (Count V). Home Depot has moved to dismiss all claims. Home Depot has also moved to strike the class allegations and moved for sanctions.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly

suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I. Motion to Dismiss

    A. Counts I-IV

Home Depot argues that the product liability claims brought in Counts I-IV should be dismissed. In support of its argument, Home Deport contends that the second amended complaint does not plausibly suggest that Home Depot proximately caused Plaintiffs any harm, and that Plaintiffs have not satisfied the pleading standards of Federal Rule of Civil Procedure 8(a) (Rule 8(a)), as articulated in *Twombly*. Home Depot argues that the second amended complaint lacks sufficient detail relating to how Plaintiffs came to have decks made of CCA Treated Wood on

4

their properties.

To state a valid claim under a theory of strict product liability under Illinois law, "a plaintiff must show that injury resulted from condition of product, that condition was unreasonably dangerous, and that condition existed at time product left manufacturer's control." *Faucett v. Ingersoll-Rand Min. & Machinery Co.,* 960 F.2d 653, 655 (7th Cir. 1992); *see also Malen v. MTD Products, Inc.*, 628 F.3d 296, 304 (7th Cir. 2010)(stating that "[m]anufacturers and sellers are strictly liable for injuries caused by unreasonably dangerous products unless an unforeseen alteration by a third party introduced the unsafe condition")(citations omitted); *Smith v. Eli Lilly & Co.*, 560 N.E.2d 324, 328 (Ill. 1990)(stating that "[t]he theory of strict liability is that one who sells a defective product unreasonably dangerous to the user is liable for the resulting injury")(citations omitted). To state a strict liability claim premised upon a failure to warn in Illinois "the plaintiff must allege and prove that defendant knew or should have known of the danger and this is tested on knowledge existing at the time of production." *Giles v. Wyeth, Inc.* 556 F.3d 596, 600 (7th Cir. 2009)(quoting *Smith*, 560 N.E.2d at 344). To state a valid claim for negligence in Illinois, "a plaintiff must show a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately caused by the breach." *Lindenmier v. City of Rockford*, 508 N.E.2d 1201, 1207 (Ill. App. Ct. 1987); *see also Malen,* 628 F.3d at 303 (stating that "[t]o prevail on their claim of negligence, the plaintiffs would have to prove that the construction or design of the [product] breached a duty of care and was the proximate cause of [plaintiffs'] injury")(citations omitted).

In the instant action, Plaintiffs allege that Home Depot encouraged the manufacture of, marketed, and sold CCA Treated Wood. Plaintiffs also allege that CCA Treated Wood is unreasonably dangerous because it was designed to leach dangerous carcinogens, that Home Depot knew or should have known of the dangers surrounding the use of CCA Treated Wood, that Home Depot had a duty to warn the public of such dangers or to sell a reasonably safe product, and that Home Depot failed to warn consumers of the dangers of CCA Treated Wood and instead represented to the public that CCA Treated Wood was safe for residential use. Plaintiffs have also alleged that they had decks built on their properties using CCA Treated Wood that was purchased from Home Depot. (A. Compl. Par. 46, 51). Such facts are sufficient to state a claim under the federal notice pleading standards, and Home Depot has not cited any controlling precedent to the contrary. *See* Fed. R. Civ. P. 8(a)(2)(requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Swanson v. Citibank, N.A.* 614 F.3d 400, 403 (7th Cir. 2010)(stating that "the Supreme Court has adopted a 'plausibility' standard, but on the other hand, it has insisted that it is not requiring fact pleading"). Therefore, the motion to dismiss is denied with respect to Counts I-IV.

B.  Count V

Home Depot argues that the claim in Count V brought pursuant to the ICFA should be dismissed. In support of its argument, Home Depot contends that Plaintiffs have failed to allege facts to plausibly suggest that they were deceived by

6

Home Depot, and that Plaintiffs have failed to satisfy the pleading standards of Federal Rule of Civil Procedure 9(b) (Rule 9(b)) with respect to the ICFA claim. Home Depot argues that Plaintiffs have not alleged that they were personally exposed to allegedly deceptive statements or omissions made by Home Depot regarding the safety of CCA Treated Wood. To state a valid claim under the ICFA, a plaintiff must show "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in a course of conduct involving trade or commerce, and (4) actual damage to the plaintiff that is (5) a result of the deception." *De Bouse v. Bayer*, 922 N.E.2d 309, 313 (Ill. 2009)(citation omitted). To satisfy the proximate cause element of an ICFA claim, a plaintiff must show that they "receive[d], directly or indirectly, communication or advertising from the defendant." *Id.* at 316. In addition, in pleading the fraud element of their claim, Plaintiffs must satisfy the heightened pleading requirements of Rule 9(b), which generally requires "the 'who, what, when, where, and how' of the fraud." *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011).

    In this case, Plaintiffs have alleged general facts solely relating to alleged misrepresentations and omissions made by Home Depot to the general public. For example, Plaintiffs allege that Home Depot posted placards in stores representing that CCA Treated Wood was safe for residential use, but Plaintiffs do not indicate any specific time period during which such signs were posted. (SA Compl. Par. 39). Plaintiffs also allege that employees of Home Depot verbally represented to the

7

public that CCA Treated Wood was safe for residential use, but Plaintiffs have not alleged the time period during which such verbal representations were made. (SA Compl. Par. 40). In addition, Plaintiffs have not alleged facts to plausibly suggest that Home Depot's marketing regarding CCA Treated Wood ever reached Plaintiffs, either first-hand or via a third-party. Plaintiffs argue that the mere sale of a product can constitute a representation that the product is safe, and thus the sale itself constitutes the only communication required to support a ICFA claim. However, the mere sale of CCA Treated Wood by Home Depot does not constitute a representation or omission that it is safe for residential use, since Home Depot could have been selling the product for other uses. Plaintiffs have not met the pleading standard of Rule 9(b), nor have Plaintiffs alleged sufficient facts to plausibly suggest that they personally relied upon Home Depot's allegedly deceptive marketing of CCA Treated Wood. Therefore, Plaintiffs have failed to state a claim under the ICFA. Based upon the above, the motion to dismiss is granted with respect to Count V.

II. Motion to Strike

Home Depot has also moved to strike the class allegations in the second amended complaint. Home Depot argues that this court should apply the principle of comity to various decisions by other courts denying class certification in similar cases. Home Depot also argues that Plaintiffs' proposed multistate class fails under Seventh Circuit precedent, and that the proposed class cannot be ascertained. Pursuant to Federal Rule of Civil Procedure 23(c)(1)(A), "[a]t an early practicable

time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A) In addition, pursuant to Federal Rule of Civil Procedure 23(d)(1)(D), "[i]n conducting an action under [Rule 23], the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). Where pleadings "are facially defective and definitively establish that a class action cannot be maintained," the court can properly grant a motion to strike class allegations at the pleading stage. *Wright v. Family Dollar, Inc.*, 2010 WL 4962838, at *1 (N.D. Ill. 2010). The certification of a class in a case is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011)(quoting *Califano v. Yamasaki,* 442 U.S. 682, 700-01 (1979)). A court may certify a class only if the "numerosity, commonality, typicality, and adequate representation" requirements of Federal Rule of Civil Procedure 23(a) (Rule 23(a)) are met and one of the requirements of Federal Rule of Civil Procedure 23(b) (Rule 23(b)) are met. Fed. R. Civ. P. 23(b)(requiring, in addition to the Rule 23(a) requirements, that (1) prosecuting separate actions . . . create a risk of . . . establish[ing] incompatible standards of conduct for the [class opponent]; or . . . adjudications . . . [that are] dispositive of the interests of [class] members not parties to the individual adjudications or [that] substantially impair or impede [such class members'] ability to protect their interests; [or] (2) [that] final injunctive relief or corresponding

declaratory relief is appropriate respecting the class as a whole; or (3) that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy); *see also Dukes*, 131 S.Ct. at 2550; *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006)(stating that a "district court may certify a class of plaintiffs if the putative class satisfies all four requirements of Federal Rule of Civil Procedure 23(a)-numerosity, commonality, typicality, and adequacy of representation-and any one of the conditions of Rule 23(b)"); *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998)(stating that "[t]he Federal Rules of Civil Procedure provide the federal district courts with broad discretion to determine whether certification of a class-action lawsuit is appropriate").

In support of its motion to strike, Home Depot has pointed to five other rulings made by various district courts across the country and the Illinois Appellate Court, in which class certification has been denied in materially similar cases. Plaintiffs argue that, under *Smentek v. Dart*, 683 F.3d 373 (7th Cir. 2012), the cases cited by Home Depot are irrelevant. In *Smentek*, the Seventh Circuit indicated that the denial of class certification in a materially similar case does not have a preclusive effect. *Id.* at 377. However, the Seventh Circuit also indicated with respect to proposed class action litigation that, based upon the principle of comity, courts are required "to pay respectful attention to the decision of another judge in a materially identical case."

10

*Id.*

Home Depot has shown that the cases it has cited in its motion to strike are materially identical to the instant action. In those cases, the courts found that the named plaintiffs could not satisfy the commonality, typicality, and adequacy requirements of Rule 23(a), that individual issues of fact and law would predominate, and that a class action would not be manageable, nor the superior method for resolving the claims brought. *See Martin v. Home Depot U.S.A., Inc.*, 225 F.R.D. 198, 201, 202-03 (W.D. Tex. 2004)(discussing problems presented by "material product variations," as well as various other individual issues); *Ardoin v. Stine Lumber Company*, 220 F.R.D. 459, 463, 467 (W.D. La. 2004)(finding commonality and typicality requirements not met, in part, based upon individual defenses that might be available); *Jacobs v. Osmose*, 213 F.R.D. 607, 613 (S.D. Fla. 2003); *Jacobs v. Home Depot U.S.A. Inc.*, 219 F.R.D. 549, 551 (S.D. Fla. 2003); *see also Kitzes v. Home Depot U.S.A., Inc.*, 872 N.E. 2d 53, 59-62 (Ill. App. Ct. 2007)(discussing individualized damages, individual defenses that might be raised, difficulty ascertaining source of product, and the difficulty establishing causation across class members). It is clear that many of the same problems identified by the courts in those cases with respect to class certification are similarly present in this case. Although Plaintiffs have pointed to many common issues of fact that would be present among the proposed class members, focusing the court's attention on Home Depot's alleged practices, issues of causation, the extent of each class members'

injuries and the corresponding remedy, and the potential for individual affirmative defenses to apply to each class members' claims all preclude the certification of a class in this case. Therefore, the motion to strike is granted.

III. Motion for Sanctions

Home Depot has also moved for sanctions pursuant to Federal Rule of Civil Procedure 11, arguing that Plaintiffs' class allegations have no reasonable basis in law or fact. There is no evidence that Plaintiffs acted in bad faith in including class allegations in their complaint. Although Plaintiffs were unsuccessful in their attempt to bring this action as a class action, based upon a review of the entire record, the court does not find that sanctions are warranted or appropriate in this case. Therefore, the motion for sanctions is denied.

### CONCLUSION

Based on the foregoing analysis, the motion to dismiss is granted in part and denied in part, the motion to strike is granted, and the motion for sanctions is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 24, 2013